UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA T. TURNER, as owner of
The S/V DRUMBEAT II,

    Plaintiff,

vs.                                                           Case No. 8:09-cv-1071-T-27AEP

NEPTUNE TOWING & RECOVERY, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff Marcia T. Turner's Motion for Summary Judgment (Dkt. No. 13) and Defendant Neptune Towing & Recovery, Inc.'s Motion for Summary Judgment (Dkt. No. 19).[1] On December 9, 2009, the Court held a Hearing on the Motions. For the reasons articulated at the Hearing and below, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED in part and DENIED in part** and that Defendant's Motion for Summary Judgment be **DENIED**.

### *I. Factual Background*

In the Verified Complaint (Dkt. No. 1), Plaintiff alleges that she is the owner of the sailing vessel Drumbeat, a 68' Erwin Sailing Vessel, model year 1987, bearing Official No. 907912 (the "Vessel") and that Defendant is a business engaged in the towing, recovery, salvage, and storage of vessels. (Dkt. No. 1 ¶¶ 2-3.) According to Plaintiff, in December 2008, she

---

[1] The Motions were referred to the undersigned on November 17, 2009, by the Honorable James D. Whittemore (Dkt. No. 21).

entered into an agreement (the "Agreement") to dock the Vessel at the home of Michael Hribar ("Hribar"). (*Id*. ¶ 4.) Plaintiff further alleges that in April 2009, she received the first notice that the Vessel had been towed by Defendant from Hribar's location. (*Id*. ¶¶ 5-6.)

In the Verified Answer (Dkt. No. 6), Defendant asserts that Hribar discovered the Vessel to be in a state of disrepair, posing a risk of damage to his property. (*Id*. ¶¶ 3-7.) Defendant further asserts that in violation of the Agreement, the Vessel had a crewman aboard and drew power from Hribar's home. (*Id*. ¶ 5.) According to Defendant, in February 2009, Hribar unsuccessfully sought to terminate the month-to-month Agreement and asked Plaintiff to remove the Vessel. (*Id*. ¶ 8.) Defendant alleges that the situation worsened when the unwanted crewman disappeared, leaving the Vessel at risk of sinking without someone aboard to man the pumps. (*Id*. ¶ 10.) Defendant further alleges that Plaintiff and her business partner ignored Hribar's repeated requests to have the Vessel removed from his property. (*Id*. ¶¶ 9-11.) According to Defendant, Hribar, allegedly presuming the Vessel to be abandoned and a hazard, contacted Defendant and requested removal of the Vessel. (*Id*. ¶ 12.)

In her Motion for Summary Judgment, Plaintiff seeks to be declared the rightful owner of the Vessel. (Dkt. No. 13 ¶ 12.) Additionally, Plaintiff seeks return of the Vessel, alleging that it was wrongfully towed. (*Id*. ¶¶ 4, 12.) In its Response (Dkt. No. 18), Defendant argues that before having the Vessel towed, Hribar had instructed Plaintiff to remove the Vessel. (*Id*. ¶¶ 5-7.) Defendant further asserts that Hribar acted based on concern that the Vessel had been abandoned and was at risk of sinking. (*Id*. ¶ 9.) According to Defendant, given that the Vessel was reported abandoned and a hazard, its services in removing the Vessel may classify as salvage. (Dkt. No. 18 ¶ 16.) Thus, the Defendant argues in its Motion for Summary Judgment that it is entitled to

reasonable compensation before releasing the Vessel for towing, securing, and preventing the Vessel from sinking. (Dkt. No. 19 ¶¶ 9-11.)

## II. *Standard for Summary Judgment*

Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the motion, the Court must view the evidence and all factual inferences in a light most favorable to the non-moving party, and all reasonable doubts about the facts are resolved in favor of the non-movant. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citations omitted).

When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

## III. *Discussion and Analysis*

The Court will first address the issue of whether Plaintiff is the owner of the Vessel. In its pleadings, Defendant asserts that its towing services were necessary to prevent the Vessel from sinking and causing damage to Hribar's property. Thus, as alleged, Defendant's services may

3

qualify as salvage operations. The performance of salvage services results in a maritime lien on the endangered vessel. *Treasure Salvors, Inc. v. The Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981).[2] The law vests in a salvor "the right to possession of the salved property, a right exclusive even of the owner, until such time as the salvage lien on the property is extinguished or adequate security for this obligation is given." *Id*. Nevertheless, "the salvage of a vessel or goods at sea, even when the goods have been abandoned, does not divest the original owner of title or grant ownership rights to the salvor, except in *extraordinary cases* . . . where the property has been lost or abandoned for a very long period." *Id*. (emphasis added).

Here, in accordance with the law, the Court agrees with Plaintiff that she did not lose her ownership rights even if a legitimate claim of salvage exists and even if Defendant claims the Vessel to have been abandoned. As alleged, Hribar first notified Plaintiff to remove the Vessel in February 2009, and Defendant towed it in March 2009. Thus, this is not one of the "extraordinary cases" where the property had been abandoned for a very long period of time to divest Plaintiff of ownership. Moreover, while not directly disputing Plaintiff's ownership, at the Hearing held before this Court on December 9, 2009, Defendant indicated that a third party may have an interest in the ownership of the Vessel. However, as the record stands before the Court and without evidence to the contrary, the Court finds that Plaintiff, as the original owner, was not divested of her title in the Vessel as a result of any maritime lien arising from the alleged salvage services. Thus, the record before the Court is clear that there is no material issue of fact as to the ownership of the Vessel. Based upon the record, Plaintiff is the owner of the Vessel.

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

Plaintiff's Motion for Summary Judgment also seeks return of the Vessel on the basis that Defendant improperly towed the Vessel. As previously discussed, Defendant responds that the Vessel was at risk of sinking and therefore, its services may qualify as salvage. Additionally, in its own Motion for Summary Judgment, Defendant asks the Court to find that its actions were reasonable and that the Vessel need not be returned until Defendant is compensated for its services.

As set forth above, a salvage lien grants the salvor an exclusive right, even of the owner, to possession of the salved property. *Treasure Salvors, Inc.*, 640 F.2d at 567. Thus, the issue before the Court is whether Defendant's towing of the Vessel constituted salvage operations, entitling Defendant to possession of the Vessel. A salvage claim arises when there is: (1) a maritime peril to the property; (2) voluntary service by the salvor; and (3) the salvage effort is successful in whole or in part. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 675 (5th Cir. 2000). The parties dispute the first element of the analysis as to whether the Vessel was in peril, and a review of the record demonstrates that there is a material issue of fact as to whether the Vessel was in peril. Thus, the Court recommends denial of Plaintiff's Motion for Summary Judgment to the extent that it seeks return or possession of the Vessel. (*See* Dkt. No. 22 ¶ 7.) Additionally, for the same basis, the Court also recommends denial of Defendant's Motion for Summary Judgment requesting a declaration that the Vessel need not be returned until Defendant is compensated for its services.[3]

---

[3] It should be noted that on December 7, 2009, Defendant filed a separate Complaint in *Neptune Towing & Recovery v. Drumbeat II*, Case No. 8:09-cv-02475-27AEP, proceeding *in rem* against the Vessel and *in personam* against Plaintiff to recover for its towing services. A warrant was issued to arrest the Vessel on December 12, 2009. At the Hearing held on December 9, 2009, on the Motions for Summary Judgment, Defendant indicated that it anticipates filing a Motion to Consolidate the new case with the case presently before the

*IV. Conclusion*

For the reasons stated herein, this Court respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Dkt. No. 13) be **GRANTED in part** as it relates to the issue of ownership of the Vessel and **DENIED in part** as it relates to the return or possession of the Vessel, and that Defendant's Motion for Summary Judgment (Dkt. No. 19) be **DENIED**.

**IT IS SO REPORTED** at Tampa, Florida on this 14th day of December, 2009.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record

---

Court.