UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA TURNER,

             Plaintiff,

vs.

NEPTUNE TOWING & RECOVERY, INC.,

             Defendant.
_____/

*Consolidated with*                     Consolidated Case No. 8:09-CV-1071-T-27AEP

NEPTUNE TOWING & RECOVERY, INC.,

             Plaintiff,

vs.

DRUMBEAT II, et al.,

             Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 25) recommending that Plaintiff Marcia Turner's motion for summary judgment (Dkt. 13) be granted in part and denied in part, and that Defendant Neptune Towing & Recovery, Inc.'s motion for summary judgment (Dkt. 19) be denied. Neither party has filed objections to the Report and Recommendation. After careful consideration of the Report and Recommendation in conjunction with an independent review of the file, the Report and Recommendation is adopted, confirmed, and approved in all respects. Plaintiff's motion for summary judgment (Dkt. 13) is **GRANTED IN PART** and **DENIED IN PART**, and Defendant's motion for summary judgment (Dkt. 19) is **DENIED.**

1

*Discussion*

Turner has moved for summary judgment, arguing that she is the rightful owner of the sailing vessel, the Drumbeat II. Further, Turner argues that Neptune Towing & Recovery, Inc. (Neptune) is not entitled to a lien for towing and storing the vessel. Neptune opposes summary judgment relying, first, on Florida Statute § 713.78 and, second, on a claim for salvage.

Pursuant to section 713.78, a lien for reasonable towing and storage fees attaches to a vessel which is towed and stored by persons regularly engaged in that business. "Vessel," within the meaning of the statute, includes "every description of watercraft, barge, and airboat used or capable of being used as a means of transportation on water, other than a seaplane or a 'documented vessel' as defined in s. 327.02(9)." Fla. Stat. § 713.78. Section 327.02(9) in turn defines "documented vessel" as "a vessel for which a valid certificate of documentation is outstanding pursuant to 46 C.F.R. part 67." Fla. Stat. § 327.02(9). The Code of Federal Regulations provides that a "Certificate of Documentation means form CG 1270." 46 C.F.R. § 67.3. Section 713.78 therefore does not apply to a vessel which has a valid, outstanding certificate of documentation, form CG 1270.

Turner attached the Drumbeat II's certificate of documentation, form CG 1270, to her verified complaint. (Dkt. 1-3). There is no contention that the certificate was not valid or outstanding at the time Neptune towed or began storing the vessel.[1] The Drumbeat II is therefore a "documented vessel" within the meaning of section 713.78. Accordingly, Florida Statute § 713.78 does not cover Neptune's towing and storage of the Drumbeat II.

Neptune contends that Turner should be estopped from arguing that section 713.78 does not

---

[1] Turner submitted evidence demonstrating that Neptune requested the Coast Guard to "release" the documentation for the Drumbeat II, relying on Florida Statute § 713.78. (Dkt. 22-3, p. 2). Neptune attached a letter to its verified answer, which indicated that the Coast Guard deleted Neptune's documentation. (Dkt. 6). There is evidence that the Coast Guard has since rescinded the deletion letter. (Dkt. 22-3, p. 1).

2

apply because, in a prior state court action, Turner posted a bond pursuant to section 713.76 in order to release the Drumbeat II from a lien. "Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005). "The doctrine may be applied to prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id.* Although there is no exhaustive formula, the Supreme Court has listed three factors which are generally considered: "1) whether a party's later position was clearly inconsistent with its earlier position; 2) whether the party succeeded in persuading a court to accept the party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and 3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51(2001)). Further, the Eleventh Circuit requires that "the allegedly inconsistent positions were made under oath in a prior proceeding," and that the inconsistencies were "calculated to make a mockery of the judicial system." *Id.*

Given this record, the Court declines to exercise its discretion to apply judicial estoppel. Neptune relies solely on Turner's posting of a bond under section 713.76. That section provides: "Any lienee may release his or her property from any lien claimed thereon under this part by filing with the clerk of the circuit court a cash or surety bond, payable to the person claiming the lien, in the amount of the final bill, and conditioned for the payment of any judgment which may be recovered on said lien, with costs." Fla. Stat. § 713.76. At most, Neptune's argument demonstrates that Turner posted a bond to release the vessel. Neptune has not demonstrated any adjudication of the right to a lien on the Drumbeat II pursuant to part II of chapter 713. Nor has there been a showing

that Turner affirmatively took the position that section 713.78 applied to the Drumbeat II or that the Drumbeat II was not a documented vessel. Likewise, Neptune has not demonstrated that Turner persuaded the state court to accept that position.

In the absence of a showing that Turner actually took a "clearly inconsistent" position in the prior state court case, it cannot be said that Turner has attempted "to make a mockery of the judicial system." *Transamerica Leasing*, 430 F.3d at 1335. In sum, Neptune has not made a showing sufficient to convince this Court to exercise its discretion to judicially estop Turner from arguing that section 713.78 is inapplicable to the Drumbeat II.

Neptune is therefore not entitled to a lien on the Drumbeat II pursuant to Florida Statute § 713.78. However, as discussed in the Report and Recommendation, Neptune also has a potential claim for salvage. "The performance of salvage services, like the furnishing of other services to a ship, gives rise to a maritime lien." *Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981).[2] Further, a salvor has "the right to possession of the salved property, a right exclusive even of the owner, until such time as the salvage lien on the property is extinguished or adequate security for this obligation is given." *Id.* The Court agrees that there are genuine issues of material fact precluding summary judgment as to the claim for salvage.

*Conclusion*

Accordingly, it is **ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 25) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Plaintiff Marcia T. Turner's Motion for Summary Judgment (Dkt. 13) is **GRANTED**

---

[2] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

**IN PART.** Marcia T. Turner is the true and correct owner of the S/V Drumbeat II, Official No. 907912, with respect to Neptune Towing & Recovery, Inc.'s competing claim to ownership arising out of Neptune's towing and storage of the vessel.[3] Turner's motion for summary judgment is denied in all other respects.

    3)     Defendant Neptune Towing & Recovery, Inc.'s Motion for Summary Judgment (Dkt. 19) is **DENIED.**

**DONE AND ORDERED** in chambers this 8th day of January, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] This action does not address any potential claims of third parties who are not privies to this action. The Report and Recommendation indicated that Neptune represented at the hearing that a third party may have an interest in the ownership of the Drumbeat II.