UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA T. TURNER, as owner of
the S/V DRUMBEAT II,

       Plaintiff,

vs.

NEPTUNE TOWING & RECOVERY, INC.,

       Defendant.
_____/

*Consolidated with*                       Consolidated Case No. 8:09-cv-1071-T-27AEP

NEPTUNE TOWING & RECOVERY, INC.,

       Plaintiff,

vs.

DRUMBEAT II, et al.,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

      This admiralty case is before the Court on Plaintiff/Cross-Defendant Marcia T. Turner's ("Turner") Motion To Dismiss Amended Verified Complaint filed by Defendant/Cross-Plaintiff Neptune Towing & Recovery, Inc. ("Neptune") (Dkt. No. 34).[1] For the reasons set forth herein, this Court recommends that Turner's Motion to Dismiss be granted with leave for Neptune to file a Second Amended Complaint.

---

[1] The Motion to Dismiss was referred to the undersigned by the Honorable James D. Whittemore for a Report and Recommendation (Dkt. No. 37).

**I.**      ***Applicable Legal Standard***

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed'") (*quoting Twombly*, 550 U.S. at 555-56). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2

**II.**     *<u>Discussion</u>*

Neptune filed its Amended Complaint on December 15, 2009, alleging that on March 3, 2009, it "provided necessaries to defendant vessel, to wit: salvage, towing services, and storage." (Case No. 8:09-cv-2475-T-27AEP, Dkt. No. 15 ¶ 5.)[2] Neptune further alleged that it "ha[d] taken assignments of various work orders for necessaries for the Drumbeat II as witnessed by the attached composite Exhibit A," and attached various invoices to its Amended Complaint for work allegedly performed on the vessel. (*Id.*) Neptune, however, provided no factual support in its Amended Complaint for either its salvage claim or its alleged lien based on necessaries as required by Rule 8 of the Federal Rules of Civil Procedure.

A salvage claim arises when there is: (1) a maritime peril to the property; (2) voluntary service by the salvor; and (3) the salvage effort is successful in whole or in part. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 675 (5th Cir. 2000). Neptune failed to allege that there was a maritime peril to the defendant vessel, that it provided a voluntary service, or that its alleged salvage effort was successful in whole or in part.[3]

Additionally, to enforce a maritime lien based on necessaries, a party must show: (1) that the alleged services were rendered; (2) that the charges of those services were reasonable;

---

[2] On December 31, 2009, this case was consolidated with Turner's petitory and possessory action filed on June 9, 2009, requesting that Turner be declared the rightful owner of the defendant vessel and return of the vessel. (Dkt. No. 29.) More detailed recitations of the procedural posture and factual background of the case are set forth in this Court's Report and Recommendation on both Parties' motions for summary judgment (Dkt. No. 25, *adopted at* Dkt. No. 38), and in this Court's Order on Turner's Motion to Vacate Arrest of the Vessel and Neptune's Emergency Motion for Interlocutory Sale of Vessel (Dkt. No. 56).

[3] In the case based on Turner's Complaint, this Court determined that there exists a genuine issue of material fact as to Neptune's alleged salvage claim. (Dkt. No. 25, *adopted at* Dkt. No. 38.)

(3) that the services were "necessaries" as defined by 46 U.S.C. § 31301(4); and (4) that the person who placed the order had real, apparent, or statutorily presumed authority. *S.E.L. Maduro (Florida), Inc. v. M/V ANTONIO de Gastaneta*, 833 F.2d 1477, 1482 (11th Cir. 1987). Neptune did not allege what services were performed on the vessel, whether the charges were reasonable, whether the services were "necessaries" as defined by 46 U.S.C. § 31301(4), and whether the person that placed the order for these services had the authority to do so.

Finally, the Court notes that Neptune did not comply with the special pleading requirements for a salvage action under Local Rule 7.05(c). Pursuant to that Rule, "[i]n cases of salvage, the complaint shall also state to the extent known, the value of the hull, cargo, freight, and other property salved, the amount claimed, the names of the principal salvors, and that the suit is instituted in their behalf and in behalf of all other persons associated with them." Local Rule 7.05(c).[4]

### III.  *Conclusion*

Accordingly, upon review and consideration of Neptune's Amended Complaint (Case No. 8:09-cv-2475-T-27AEP, Dkt. No. 15), the undersigned respectfully recommends that Turner's Motion to Dismiss (Dkt. No. 34) be **GRANTED** with leave for Neptune to file a Second Amended Complaint. It is further recommended that the Court direct Neptune to file a Second Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure and the Local Rules within **ten days (10)** of the Court's Order.

---

[4] Additionally, Local Rule 7.05(c) provides that "[i]n addition to these special pleading requirements, plaintiff shall attach as an exhibit to the complaint a list of all known salvors, and all persons believed entitled to share in the salvage. Plaintiff shall also attach a copy of any agreement of consortship available and known to exist among them collegially or individually."

4

**IT IS SO REPORTED** at Tampa, Florida on this 16th day of March, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record