UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA T. TURNER, as owner of
the S/V DRUMBEAT II,

       Plaintiff,

vs.

NEPTUNE TOWING & RECOVERY, INC.,

       Defendant.
_____/

*Consolidated with*                      Consolidated Case No. 8:09-cv-1071-T-27AEP

NEPTUNE TOWING & RECOVERY, INC.,

       Plaintiff,

vs.

DRUMBEAT II, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This admiralty case is before the Court on Defendant/Cross-Plaintiff Neptune Towing & Recovery, Inc., ("Neptune") **Motion to Dismiss and/or, in the Alternative, for Summary Judgment as to Turner's Amended Complaint** (the "Motion") (Dkt. No. 67).[1] Plaintiff/Cross-Defendant Marcia T. Turner ("Turner"), filed a Response in opposition to Neptune's Motion (Dkt. No. 81). The Court has carefully reviewed the Motion and the Response, and is otherwise

---

[1] The Motion to Dismiss was referred to the undersigned by the Honorable James D. Whittemore for a Report and Recommendation (Dkt. No. 95).

fully advised in the premises. For the reasons that follow, this Court recommends that the Motion be denied.

I. *Applicable Legal Standard*

1. Motion to Dismiss

Rule 8 of the Federal Rules of Civil Procedure specifies that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint fails to state a claim upon which relief may be granted, a motion to dismiss may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*; *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, 'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed'") (*quoting Twombly*, 550 U.S. at 555-56). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a

2

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

    2. <u>Summary Judgment</u>

Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the motion, the Court must view the evidence and all factual inferences in a light most favorable to the non-moving party, and all reasonable doubts about the facts are resolved in favor of the non-movant. *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007) (citations omitted).

When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

## II.    *Discussion*

Turner's initial Complaint was filed on June 9, 2009, alleging a petitiory action and seeking a declaration of Turner's ownership of the sailing vessel Drumbeat, a 68' Erwin Sailing Vessel, model year 1987, bearing Official No. 907912 (the "Vessel"), as well as return of the Vessel based on Neptune's alleged wrongful towing and storage of the Vessel. (*See* Dkt. No. 1.) With leave of Court (Dkt. No. 52), Turner timely filed her 5-Count Amended Complaint on February 3, 2010, alleging a possessory action in Count I, wrongful arrest in Count II, conversion in Count III, wrongful towing in Count IV, and breach of bailment in Count V. (*See* Dkt. No. 54.)

Turner's claims arise from Neptune's removal of the Vessel from the home of Michael Hribar ("Hribar") where the Vessel was docked. (Dkt. No. 54 ¶¶ 3, 5-10.) Turner alleges that in December of 2008, her husband, Workman, on Turner's behalf, entered into an oral agreement to dock the Vessel at Hribar's home and because of financial problems, the rent on Hribar's dock fell behind. (*Id*. ¶¶ 5-8.) According to Turner, Hribar reported the Vessel abandoned to the police department, and on March 7, 2009, the police department documented that Neptune was going to perform "a private impound from residence as a civil matter." (*Id*. ¶¶ 8-9; *Id*., Ex. A.) Turner alleges that on March 9, 2009, Neptune towed the Vessel pursuant to Florida Statute § 713.78.[2] (Dkt. No. 54 ¶ 10.) Turner further alleges that in April 2009, she received the first notice that Neptune had towed the Vessel from Hribar's property. (*Id*. ¶¶ 12-13.) According to Turner, the Vessel was wrongfully towed under Florida Statute § 713.78 because that statute does

---

[2] Under Florida Statute § 713.78, a lien for reasonable towing and storage fees attaches to a vessel which is towed and stored by persons regularly engaged in that business.

4

not apply to documented vessels, such as the Vessel. (*Id.* ¶ 14.) Additionally, Turner alleges that Neptune did not make reasonable efforts to notify the owners of the removal of the Vessel, and wrongfully directed the U.S. Coast Guard to delete the Vessel from documentation. (*Id.* ¶¶ 15-16.) Turner also contends that Neptune's daily rate of $680.00 for the storage of the Vessel "is unreasonable and charged with the intention of wrongfully obtaining title to the [V]essel." (*Id.* ¶ 17.)[3]

### 1. Possessory Action

Count I of the Amended Complaint seeks an order declaring Turner to be the true and correct owner of the Vessel and the return of the Vessel based on Neptune's alleged wrongful towing and storage of the Vessel. (*Id.* ¶¶ 27-37.) Turner alleges that the Florida Statute upon which Neptune bases its lien and storage fees does not apply because the Vessel is documented. (*Id.* ¶ 29.) In opposition, Neptune contends that it lawfully possesses the Vessel as a Court-appointed substitute custodian based on its salvage lien and lien for necessaries. (Dkt. No. 67 ¶¶ 3-8.) Additionally, Neptune contends that the Vessel lost its documented status as a matter of law when it lost the capacity to propel itself and therefore, the Vessel was not a documented vessel at the time of the towing. (*Id.* ¶ 11.)

This Court previously held that Turner is the rightful owner of the Vessel. (Dkt. No. 25, *adopted at* Dkt. No. 38.) As to the possession of the Vessel, the Court denied both parties' motions for summary judgment based on the existence of a genuine issue of material fact as to

---

[3] Additional detailed recitations of the procedural and factual background of the case are set forth in this Court's Report and Recommendation on both Parties' motions for summary judgment (Dkt. No. 25, *adopted at* Dkt. No. 38), and in this Court's Order on Turner's Motion to Vacate Arrest of the Vessel and Neptune's Emergency Motion for Interlocutory Sale of Vessel (Dkt. No. 56).

Neptune's alleged salvage claim.[4] Specifically, the Court found that there is a material issue of fact as to whether the Vessel was in peril when Neptune towed it. (Dkt. No. 25 at 5.) Similarly, here, based on Turner's allegations in her Amended Complaint that Neptune wrongfully towed the Vessel because Florida Statute § 713.78 does not apply (Dkt. No. 54 ¶¶ 28-32), and that the Vessel "was in good order and condition when it was towed by Neptune" (*Id*. ¶ 67) (*see also* Dkt. No. 39, Ex. 2 ¶¶ 9-10, 13, 16-17), the Court finds that Turner has sufficiently stated a possessory claim for the Vessel. And while Neptune argues that it lawfully possesses the Vessel as a Court-appointed substitute custodian based on its salvage lien and lien for necessaries, in finding reasonable grounds for the arrest of the Vessel, the Court held that a genuine issue of material fact exists as to Neptune's entitlement to these maritime liens. (Dkt. No. 56.) Accordingly, the undersigned recommends that Neptune's Motion as to Count I of the Amended Complaint be denied.

2. Wrongful Arrest

Count II of Turner's Amended Complaint alleges that Neptune's arrest of the Vessel was wrongful. (Dkt. No. 54, ¶¶ 38-45.) "To maintain an action for wrongful arrest of a maritime vessel, the detainee must show that the arrest was not merely due to negligence, but that the action arose from malice, bad faith, or reckless disregard of the other party's legal rights." *Coastal Barge Corp. v. M/V Maritime Prosperity*, 901 F. Supp. 325, 328 (M.D. Fla. 1994) (*citing*

---

[4] The performance of salvage services results in a maritime lien on the endangered vessel. *Treasure Salvors, Inc. v. The Unidentified Wrecked & Abandoned Sailing Vessel*, 640 F.2d 560, 567 (5th Cir. 1981). The law vests in a salvor "the right to possession of the salved property, a right exclusive even of the owner, until such time as the salvage lien on the property is extinguished or adequate security for this obligation is given." *Id*.

*Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir.1937); *Furness Withy (Chartering), Inc. v. World Energy Systems Associates, Inc.*, 854 F.2d 410, 411-12 (11th Cir.1988)).

In the instant case, Turner alleges that Neptune "acted with malice, in bad faith and reckless disregard of Turner's rights" (Dkt. No. 54 ¶ 43) and in support relies on three arguments. First, Turner alleges that although Neptune had possession of the Vessel since March 7, 2009, it did not move to arrest the Vessel "until the eve of a summary judgment hearing where possession of the [V]essel was at issue." (*Id.* ¶¶ 38-39.) Second, Turner argues that "[a]lthough Neptune could have and should have filed the motion to arrest in the same case[,] it elected to file a separate action and move to arrest the [V]essel *ex parte* so that [T]urner would not have an opportunity to object to the arrest." (*Id.* ¶ 40.) Third, Turner argues that Neptune does not have a proper lien entitling it to arrest the Vessel. (*Id.* ¶ 42.) In its Motion, Neptune contends that its arrest was proper for several reasons. For example, Neptune relies on this Court's finding of probable cause for the arrest in support of its contention that the arrest was not wrongful. (Dkt. No. 67 ¶ 19.) Neptune also states that Turner does not articulate any facts showing bad faith, malice, or gross negligence. (*Id.* ¶ 20.) Additionally, Neptune asserts that at the time of the towing, Turner did not have a right to possess the Vessel because Turner had failed to pay the docking fees. (*Id.* ¶ 26.)

The Court finds that Turner has articulated sufficient facts, which, after being accepted as true and taking them in light most favorable to Turner, may state a claim for wrongful arrest. And although the Court previously determined that there was probable cause for the arrest, the Court also found that there exist genuine issues of material fact as to Neptune's alleged salvage claim (Dkt. No. 25, *adopted at* Dkt. No. 38) and lien for necessaries (Dkt. No. 56 at 11). Finally, Neptune's contention that Turner does not have a right to possess the Vessel because of her

7

failure to pay the docking fees is meritless. While providing services and necessaries to a vessel creates a maritime lien, that maritime lien is enforced by arresting the Vessel. *See Merchants Nat'l Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1346 (5th Cir. 1981); *see also* 46 U.S.C.A. § 31342[5]. Accordingly, the undersigned recommends that Neptune's Motion as to Count II of Turner's Amended Complaint be denied.

3. Conversion

Count III of Turner's Amended Complaint alleges that Neptune wrongfully converted the Vessel. (Dkt. No. 54 ¶¶ 46-54.) To prove a claim for conversion under Florida law, a plaintiff must demonstrate by preponderance of the evidence: 1) specific and identifiable property; 2) an immediate right to possess the property; 3) an unauthorized act which deprives the plaintiff of the property; and, 4) a demand for return of the property and a refusal to do so. *Wallace Int'l Trucks, Inc. v. Magruda Trucking Co.*, No. 2:05-cv-277-FTM-34DNF, 2007 WL 842146, at *8 (M.D. Fla. Mar. 20, 2007) (*citing U.S. v. Bailey*, 288 F. Supp. 2d 1261 (M.D. Fla. 2003)); *see also Cent. Florida Council, Boy Scouts Of Am., Inc. v. Rasmussen*, No. 6:07-cv-1091-Orl-19GJK, 2010 WL 1258070, at *7 (M.D. Fla. Mar. 29, 2010) ("conversion is established by proof of: (1) the plaintiff's immediate right to possession of property when taken; and (2) the defendant's refusal to return property upon demand").

Here, Turner alleges that it is the rightful owner of the Vessel, that Neptune improperly removed the Vessel from Hribar's property, and that "[w]hen Turner learned that Neptune had towed the [V]essel, it requested that the [V]essel be returned to its rightful owner." (Dkt. No. 54

---

[5] 46 U.S.C.A. § 31342 provides in relevant part that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--(1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel."

¶¶ 46-53.) In response, Neptune asserts that Turner does not allege facts showing that the removal of the Vessel was unauthorized. (Dkt. No. 67 ¶ 32.) According to Neptune, at the time of the towing, Hribar had lawful possession and control of the Vessel and was under a duty to provide for the Vessel's safekeeping. (*Id.* ¶¶ 32-33.) Additionally, Neptune contends that it properly towed the Vessel under Florida Statute § 713.78. Neptune argues that contrary to Turner's assertion, Florida Statute § 713.78 does apply because "[w]hile the [Vessel] had paper documentation, by operation of law, the [V]essel lost its documented status when it lost the capacity to propel itself." (*Id.* ¶ 35.) Relying on 46 C.F.R. §§ 67.167(c)(7) and 67.171(a)(6)[6], Neptune contends that "[t]here is no dispute that at the time Neptune towed it, the [Vessel's] motor was disassembled, and it had no sails" and that the Vessel was not a documented vessel. (*Id.* ¶¶ 36-37.)

The Court finds that Turner has pled sufficient facts that state a plausible basis for its conversion claim. As noted above, the Court previously held that there are genuine issues of material fact as to Neptune's salvage lien and lien for necessaries. As to Neptune's claim that Florida Statute § 713.78 is applicable because the Vessel lost its documentation as a matter of law, the Court finds that Neptune is not entitled to the dismissal of Count III on this basis because Turner alleges that the Vessel "was in good order and condition when it was towed by Neptune in March 2009" and that the Vessel "is not in the same like good and seaworthy condition that

---

[6] 46 C.F.R. § 67.167(c)(7) provides that "[a] Certificate of Documentation together with any endorsement(s) thereon becomes invalid immediately, except as provided in § 67.161 and in paragraph (f) of this section . . . when: . . . (7) A self-propelled vessel becomes non-self-propelled or a non-self-propelled vessel becomes self-propelled." 46 C.F.R. § 67.171(a)(6) provides that "[a] Certificate of Documentation together with any endorsement(s) thereon is invalid, except as provided in § 67.161, and the vessel is subject to deletion from the roll of actively documented vessels when . . . (6) The vessel ceases to be capable of transportation by water."

9

it was when Neptune originally towed [it]." (Dkt. No. 54 ¶¶ 67, 69.) Thus, Turner's allegations are contrary to Neptune's assertions that the Vessel's motor was disassembled and that the Vessel was not capable of transportation by water. Accordingly, because of the existence of a material fact as to the Vessel's condition at the time of towing and as to Neptune's entitlement to the claimed maritime liens, the Court recommends denial of Neptune's Motion as to Count III of the Amended Complaint.

### 4. Wrongful Towing

Count IV of Turner's Amended Complaint alleges a claim for wrongful towing. Specifically, Turner alleges that Florida Statute § 713.78, upon which Neptune allegedly bases its lien and storage fees, expressly excludes documented vessels and that "[o]n the date the [V]essel was towed it was a documented vessel." (Dkt. No. 54 ¶¶ 56-59.) Additionally, Turner claims that "Neptune knew it was a documented vessel" because Neptune corresponded with the Coast Guard about deleting the documentation and filed a claim of lien with the Coast Guard's National Documentation office. (*Id.* ¶ 60.) In its Motion, Neptune argues that Florida Statute § 713.78 does apply because the Vessel lost the capacity to propel itself and therefore, lost its status as a documented vessel.[7] (Dkt. No. 67 ¶ 35.)

As previously mentioned, there is a genuine issue of material fact as to the condition of the Vessel at the time of the towing and whether its documentation status was lost as a result of its condition. Accordingly, after accepting all factual allegations in Turner's Amended

---

[7] While the Court previously held that Florida Statute § 713.78 does not apply to Neptune's claim because the Vessel was documented at the time of the towing, the Court did not consider Neptune's newly raised contentions that the Vessel became undocumented as a matter of law when it lost its ability to propel itself and when it became incapable of transportation by water. (*See* Dkt. No. 38.)

Complaint as true and taking them in the light most favorable to Turner, the Court finds that Turner has sufficiently pled a claim for the wrongful towing of the Vessel and recommends denial of Neptune's Motion on Count IV.

5. Bailment

Turner's final Count alleges a claim for breach of bailment. (*See* Dkt. No. 54 ¶¶ 66-70.) Turner alleges that the Vessel was in good order and condition when Neptune towed it and that the Vessel is not in the same "good and seaworthy condition it was when Neptune originally towed the [V]essel." (*Id*. ¶¶ 67-69.) Turner contends that it has sustained damages as a result of Neptune's "negligence in caring for and properly maintaining" the Vessel. (*Id*. ¶ 70.)

In support of its Motion, Neptune makes three arguments. First, Neptune contends that Florida Statute § 713 provides limited immunity for a licensed tow company and that Turner failed to allege that Neptune did not comply with the requirements of the statute. (Dkt. No. 67 ¶ 51.) Second, Neptune argues that a report provided by Salt Creek Marina, where the Vessel was previously docked, and a survey of the Vessel conducted for purposes of this litigation, contradict Turner's claim that the Vessel was in good and seaworthy condition. (*Id*. ¶ 52.) Lastly, Neptune argues that Turner's pleading does not state a claim because it "fails to identify particular negligent acts, how the acts fell beneath the standard of care, how the acts proximately cause [*sic*] injury or what the specific injuries were to the [V]essel." (*Id*. ¶ 54.)

Turning to Neptune's first argument, as stated above, Turner has alleged that Florida Statute § 713 does not apply to the Vessel because it is documented. And while Neptune contends that the Vessel lost its status as a documented vessel because it was incapable of transportation by water and because it could no longer propel itself, these allegations are in dispute and preclude summary judgment. Similarly, Neptune is not entitled to dismissal of this

Count based on its second argument. In support of its second argument, Neptune relies on a report from Salt Creek Marina and a survey of the Vessel. However, the Salt Creek Marina Report was prepared in 2008 (*see* Dkt. No. 32, Ex. 2), prior to Neptune's towing of the Vessel, while the survey of the Vessel was completed in January of 2010 (*see* Dkt. No. 46, Ex. 1), almost one year after Neptune's towing of the Vessel. Thus, after accepting all factual allegations in Turner's Amended Complaint as true and resolving all reasonable doubts as to the condition of the Vessel at the time of towing in favor of Turner, the Court finds that Neptune is not entitled to dismissal based on Rule 12(b)(6) or summary judgment based on Rule 56 on this Count.

Finally, Neptune is also not entitled to dismissal or summary judgment on Turner's breach of bailment claim on the basis that Turner has not alleged sufficient facts. "In a bailment situation, the plaintiff makes a prima facie case for damages when he shows that the bailed property was delivered to the bailee in good condition and that it was damaged while it was in the care, custody, and control of bailee." *Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) (*quoting Parker v. Miracle Strip Boat & Motors Headquarters, Inc.*, 341 So.2d 197, 198 (Fla. App. 1976); Fla. Stat. §§ 677.204 and 677.403 (2007)). As stated above, here Turner sufficiently alleges that the Vessel was in good order and condition when Neptune towed it and that it suffered damages while in Neptune's "exclusive care, custody and control." (Dkt. No. 54 ¶¶ 66-70.) Accordingly, the undersigned recommends that Neptune's Motion as to Count V be denied.

6. <u>Failure to Join an Indispensable Party</u>

Neptune also argues that this case should be dismissed for failure to join Hribar, as an indispensable party. (Dkt. No. 67 ¶¶ 55-59.) Neptune contends that Hribar is the person who

authorized the removal and storage of the Vessel and Turner's state law claims under Florida Statute § 713 require Hribar's presence. (*Id.* ¶¶ 56-59.)

Under Rule 19(a)(1) of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Upon review, Neptune's contention is without merit. Neptune alleges that Florida Statute § 713 "makes it clear that costs and damages are to be apportioned between the parties, i.e., the towing company, the police (where applicable), and the property owner." (Dkt. No. 67 ¶ 56.) However, in this case, Turner is alleging that Florida Statute does not apply. Even if the statute applies, the fact that Hribar may be jointly liable for costs does not render him an indispensable party. *See* Fed. R. Civ. P. 19 Advisory Committee's Note ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability"); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). Accordingly, the Court recommends that Neptune's Motion seeking dismissal of the Amended Complaint based on Turner's alleged failure to join an indispensable party be denied.

**III.** *Conclusion*

Upon review and consideration of Turner's Amended Complaint (Dkt. No. 54), the undersigned respectfully recommends that Neptune's Motion to Dismiss and/or, in the Alternative, for Summary Judgment as to Turner's Amended Complaint (Dkt. No. 67) be **DENIED**.

**IT IS SO REPORTED** at Tampa, Florida on this 21st day of May, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record