UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA TURNER,

           Plaintiff,

vs.

NEPTUNE TOWING & RECOVERY, INC.,

       Defendant.
_____/

*Consolidated with*       Consolidated Case No. 8:09-CV-1071-T-27AEP

NEPTUNE TOWING & RECOVERY, INC.,

           Plaintiff,

vs.

DRUMBEAT II, et al.,

       Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Turner's "Renewed Motion to Dismiss Neptune's Second Amended Complaint, Dismiss or Strike Its Salvage Claim, or in the Alternative, Motion to Reopen Discovery and Continue Trial" (Dkt. 133). Upon consideration, the motion (Dkt. 133) is DENIED.

### Discussion

Turner appears to take issue with Neptune's inclusion of "a brand new unjustified claim of salvage" in the second amended complaint. (Dkt. 133 ¶ 1). Turner contends that she has been unfairly prejudiced by the assertion of this claim after the close of discovery. As a result, she requests a variety of remedies, including dismissing the salvage claim, reopening discovery, and continuing the trial. Turner's arguments are not persuasive.

As a preliminary matter, Turner has not demonstrated that any dispositive issue of law

requires dismissal of Neptune's salvage claim or the second amended complaint as a whole. *See* Fed. R. Civ. P. 12(b)(6). Nor has she demonstrated good cause to reopen discovery or continue the trial.[1] *See* Fed. R. Civ. P. 16(b)(4) (scheduling order cannot be modified absent showing of good cause).

Notwithstanding her arguments to the contrary, Turner has not demonstrated prejudice. Neptune's amended complaint, filed on December 14, 2009, plainly informed Turner that its action was based, in part, on a claim for salvage. (Case No. 8:09-cv-02475-JDW-AEP, Dkt. 13). In fact, Turner moved to dismiss Neptune's amended complaint on the ground that Neptune "failed to properly state a valid claim for a maritime lien *or for salvage* . . . ." (Dkt. 34 ¶ 9) (emphasis added). Further, Turner's motion for summary judgment was partially denied precisely because there were genuine fact issues as to Neptune's claim for salvage. (Dkt. 38, adopting Dkt. 25). And as Judge Porcelli observed in his February 9, 2010 order denying Turner's Motion to Vacate Arrest of Vessel:

> Neptune specifically alleged on November 11, 2009, in its Response to Turner's Motion for Summary Judgment that its services "may classify as salvage." (Dkt. No. 18 ¶ 16.) Moreover, Neptune's Verified Answer (Dkt. No. 6) contained sufficient facts to place Turner on notice of a potential salvage claim, meeting the liberal pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure. *See Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir.1989) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."); *see also Gentry v. Harborage Cottages-Stuart, LLP*, 602 F. Supp. 2d, 1239, 1257 n.8 (S.D. Fla. 2009) (stating that "the absence of a legal theory in a pleading is not fatal, as long as the facts alleged support a viable cause of action. Under the Federal Rules of Civil Procedure, a plaintiff need not provide notice in the complaint of a legal theory supporting a claim.").

(Dkt. 56 n.5). In short, Turner had notice of Neptune's salvage claim long before Neptune filed the

---

[1] The amended case management and scheduling order established a discovery deadline of April 7, 2010 and set trial during the September 2010 trial term. (Dkt. 75).

second amended complaint and long before the close of discovery. The second amended complaint did not add a new salvage claim and did not cause her prejudice.

Turner requests to take discovery related to her supplemental counterclaim. But that pleading was stricken and affords no basis for additional discovery. (Dkt. 128). Turner also requests to reopen discovery because she believes that there are similar cases against Neptune, that Neptune is acting as an agent for an inside buyer for the DRUMBEAT II, and that Neptune has a conflict of interest in acting as a substitute custodian. Turner, however, has not demonstrated that she was unable to investigate these issues during the discovery period. Nor has she shown that she would be unable to probe these issues at trial.

Finally, Turner argues that reopening discovery and continuing the trial would assist her in obtaining counsel. Turner's counsel was permitted to withdraw on March 31, 2010. (Dkt. 85). She has had ample time to retain new counsel but has not done so. A continuance is not warranted.[2]

## Conclusion

Accordingly, Turner's "Renewed Motion to Dismiss Neptune's Second Amended Complaint, Dismiss or Strike Its Salvage Claim, or in the Alternative, Motion to Reopen Discovery and Continue Trial" (Dkt. 133) is **DENIED**.

**DONE AND ORDERED** this 9th day of August, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

---

[2] Turner also requests a continuance because she filed a motion to compel mediation. Supplemental mediation is an issue which can be addressed at the pretrial conference.