UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA TURNER,

              **Plaintiff,**

vs.

NEPTUNE TOWING & RECOVERY, INC.,

              **Defendant.**

_____/

*Consolidated with*                  **Consolidated Case No. 8:09-CV-1071-T-27AEP**

NEPTUNE TOWING & RECOVERY, INC.,

              **Plaintiff,**

vs.

DRUMBEAT II, et al.,

              **Defendants.**

_____/

## ORDER

    **BEFORE THE COURT** is Plaintiffs' "Emergency motion to continue remainder of trial scheduled to begin July 21, 2011 at 9:00 a.m. or emergency motion to substitute party, intervene, or in the alternative, assign the claims, interests, rights and causes of action in this matter" (Dkt. 274). For the reasons stated in open Court and set forth below, the motion is GRANTED *in part.*

### Discussion

    Trial originally commenced on October 26, 2010. Plaintiff Marcia Turner became ill during the course of the proceedings and the trial was continued (Dkt. 211). In November, 2010, Turner resumed actively litigating the case, filing several pleadings (Dkts. 215, 218, 226 ) including an interlocutory appeal and related pleadings (Dkts. 222, 223, 225). The trial was scheduled to resume

on February 28, 2011 (Dkts. 230, 234). Turner continued to file pleadings (Dkts. 233, 238, 239, 240, 241). The trial was not reached on the February 28, 2011 trial calendar and was re-scheduled on the April 4, 2011 trial calendar (Dkt. 243).

On March 9, 2011, Turner filed a "motion for court intervention," stating that she was that she is still "unable to physically continue presenting her case at trial, because of a number of present medical health issues." (Dkt. 239, ¶ 2). She further represented that she has unsuccessfully "tried to find counsel to take over from Turner at this point." (Id., ¶ 3). Because trial cannot be continued indefinitely on account of Plaintiff's inability to locate suitable counsel, the motion was denied (Dkt. 247). Turner continued to file pleadings (Dkt. 245) and the trial was noticed for April 20, 2011 (Dkt. 248).

Five days before trial, Turner filed an emergency motion to continue, again stating that she was "unable to continue with the trial at this point, due to ongoing medical health issues that are presently pending, and interfering with that desire." (Dkt. 255, ¶ 1). Turner requested a continuance to June 20, 2011. Her motion was granted in part, and trial was continued to the May 2011 term (Dkt. 257). Turner was specifically instructed, "No further continuances will be granted." (Id.) (emphasis added).

Turner's interlocutory appeal was dismissed by the Eleventh Circuit for lack of jurisdiction (Dkt. 251). Turner continued to file pleadings seeking affirmative relief (Dkts. 260, 262). The case was carried over to the June 2011 trial term, then to the July 2011 trial term (Dkts. 265, 267), and noticed for July 17, 2011 (Dkt. 268).

Trial re-commenced at 9:00 a.m. on July 19, 2011. Turner resumed direct examination of the witness who had been testifying. After approximately 2 ½ hours of trial, Turner's request for a

five minute recess to take her insulin and eat something was granted. Turner apparently became ill and did not return to the courtroom. Her husband requested that EMS be called, and Turner was subsequently admitted to Tampa General Hospital. Trial was noticed to resume on July 21st (Dkt. 272).

On July 21, 2011, Turner and her husband submitted the instant emergency motion, with an unsworn physician's note confirming that she had been admitted and would not be in court. The note did not explain her condition or provide any information as to when Turner would be discharged or otherwise able to attend court.

The emergency motion is signed by Turner, evidencing that she is not mentally impaired and is capable of litigating, at least on paper. Notwithstanding, one final continuance, at least as to Turner's claims for damages, is in order. That continuance, however, will not apply to the entire action. Simply put, the interests of all parties must be considered.

This action involves multiple claims. Neptune is entitled to a "just, speedy, and inexpensive determination"of its claim and has certainly been prejudiced by the extensive delays and continuances. Fed. R. Civ. P. 1. Workman is ostensibly the present owner of DRUMBEAT II and therefore is the only Plaintiff with standing to prosecute Count I, which seeks possession of the vessel. Neptune has filed its own claims for salvage, towing and storage, and maritime necessaries and is entitled to proceed on those claims, as they are *in rem* claims, against DRUMBEAT II. To the extent Neptune's claims affect Turner and her claims for damages, that can be addressed when Turner completes presentation of her case. Accordingly, Turner is only entitled to a continuance with respect to the prosecution of her claims and defense to the claims set forth in Neptune's second amended verified complaint, to the extent she seeks damages. As she has conveyed title to

3

Workman, she no longer has standing to seek possession of the vessel. The remaining claims in this action will proceed to trial.

Plaintiffs' requests for alternative relief is moot. That alternative relief, however, was due to be denied. First, Workman is already a party and need not be substituted in this action. Moreover, he may not represent Turner's interests because he is not an attorney.

Plaintiffs request to substitute Workman for Turner based on the contention that she is incompetent. They rely on Fed. R. Civ. P. 25(b), which provides, "If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." As a preliminary matter, there has been no showing that Turner is, in fact, incompetent. Plaintiffs have not submitted any medical evidence regarding her mental and physical capacities. Nor have they shown that she has ever been adjudicated incompetent. Contrary to any claim of incompetency, Turner was lucid and fully capable of functioning on her own behalf when she presented her case just a few days ago.

Further, Rule 25(b) must be read in conjunction with Rule 17(c), which describes the representatives who may prosecute an action on behalf of a minor or an incompetent person. Under Rule 17(c), a representative does not have the right to appear on behalf of a minor or an incompetent person unless that representative is represented by counsel. *See, e.g., Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."). Because Workman is appearing *pro se*, he is not entitled to represent Turner under Rule 25(c).

4

Second, Plaintiffs request that Workman be permitted to intervene under Fed. R. Civ. P. 24. Workman is already a party and therefore need not intervene in this action.

Third, Plaintiffs request that Turner be permitted to assign her claims to Workman. This cause has been in a trial posture since October 2010. Any purported assignment at this late stage is untimely and highly prejudicial. His contention that Turner has "assigned" her rights in this action are rejected. If that were the case, she would not have begun presenting evidence.

### Conclusion

Accordingly, Plaintiffs' "Emergency motion to continue remainder of trial scheduled to begin July 21, 2011 at 9:00 a.m. or emergency motion to substitute party, intervene, or in the alternative, assign the claims, interests, rights and causes of action in this matter" (Dkt. 274) is GRANTED *in part*. Trial is continued with respect to Turner's claims and Turner's defense of the claims set forth in Neptune's second amended verified complaint.

As it turns out, trial was not completed on July 21, 2011 and will continue on Monday, July 25, 2011. The motion is denied in all other respects.

**DONE AND ORDERED** this 22ᵈ day of July, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Parties and counsel of record

5